UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV792 RWS |
| | ) (TIA) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss. The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

**Procedural History**

On August 11, 2006, Plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Act. (Def. Exh. 1, Decision, p. 1) Plaintiff's applications were denied, and Plaintiff filed a timely request for a hearing. (Id.) Plaintiff testified at a hearing before an ALJ on August 15, 2007. (Id.) In a decision dated November 15, 2007, the ALJ determined that Plaintiff was not under a disability, as defined in the Social Security Act, at any time through the date of the decision and was not entitled to disability benefits or supplemental security income. (Def. Exh. 1, Decision, p. 9) Plaintiff then filed a request that the Appeals Council review the ALJ's decision. (Def. Exh. 2)

On March 26, 2008, the Appeals Council denied Plaintiff's request for review. (Def. Exh. 2, p. 1) In its Notice of Appeals Council Action, the Appeals Council specified that Plaintiff had 60 days

to file a civil action in federal court. (Def. Exh. 2, p. 2) According to the Notice, the 60 days start the day after a claimant receives the Notice. (Id.) The Appeals Council assumes that a claimant receives the letter 5 days after the stamped date, unless there exists a reasonable showing to the contrary. (Id.) Thus, Plaintiff had 65 days after March 26, 2008 to file an action in federal court.

## Discussion

In its Motion to Dismiss, filed on July 30, 2008, Defendant asserts that this Court should dismiss Plaintiff's Complaint because he filed the action more than 60 days after receipt of the Appeals Council's notice denying Plaintiff's request for review. As of the date of this Report and Recommendation, Plaintiff has not filed a response to said motion, and the Court would deem any response as untimely.

Under Section 405(g) of the Social Security Act, pertaining to judicial review of final administrative decisions in social security cases:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "The promulgated regulations, however, are more lenient and provide that a civil action must be commenced within sixty days after notice of the Appeals Council decision 'is received by the individual.'" Bess v. Barhnart, 337 F.3d 988, 989 (8th Cir. 2003) (quoting 20 C.F.R. § 422.210(c)). In addition, the regulations provide that the date the individual receives notice is presumed to be five days after the date of the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.201(c).

The exhibits filed by the Defendant demonstrate that the Appeals Council issued the notice

2

on March 26, 2006. Therefore, Plaintiff had until May 30, 2008 to file a civil action.[1] However, Plaintiff did not file his complaint until June 2, 2008, more than 60 days after the receipt of the Appeals Council's Notice. Thus, Plaintiff's Complaint is untimely and should be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** as untimely and the decision of the Commissioner be **AFFIRMED**.

The parties are advised that they have eleven days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal the questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of January, 2009.

---

[1] Plaintiff makes no showing, let alone a reasonable one, that he did not receive notice of the March 26, 2008 decision within five days.